UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENA FRIEDMAN,<br><br>      Plaintiff,<br><br>v.<br><br>INTERSYSTEMS CORPORATION,<br><br>      Defendant. | Civil Action No. 05-10738 |

## DEFENDANT INTERSYSTEMS CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant InterSystems Corporation ("InterSystems" or the "Company") hereby responds to the allegations contained in Plaintiff Dena Friedman's Complaint and Demand for a Jury Trial, and states its affirmative defenses to Plaintiff's claims.

## ANSWER

### PARTIES AND FACTUAL BACKGROUND

1. InterSystems admits that it is a Massachusetts corporation with its principal office located at One Memorial Drive, Cambridge, Massachusetts.

2. InterSystems admits that Phillip T. Ragon is the President, Treasurer, and the sole Director of InterSystems.

3. InterSystems admits that Jerome P. Grove is the Chief Financial Officer and Secretary of InterSystems.

4. InterSystems admits that Susan Ragon is the wife of Phillip T. Ragon and is the head of the Human Resources Department of InterSystems.

5. InterSystems is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same.

6. InterSystems admits that Plaintiff was hired in or around February, 2003 as Manager of Customer Operations. InterSystems denies all remaining allegations set forth in Paragraph 6 of the Complaint.

7. InterSystems admits that Plaintiff managed order processing, distribution and account receivables worldwide for InterSystems.

8. InterSystems admits that Plaintiff was responsible for overseeing billing, orders and receivables for InterSystems. InterSystems admits that Plaintiff had contact with various managers and customers as part of her role as Manager of Customer Operations. InterSystems denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. InterSystems denies the allegations set forth in Paragraph 9 of the Complaint.

10. InterSystems denies the allegations set forth in Paragraph 10 of the Complaint.

11. InterSystems admits that Ryan Brenneman was terminated from the position of CFO, that Jerome Grove was hired into that position in August 2003, and that Plaintiff reported to Mr. Grove.

12. InterSystems admits that Mr. Grove had worked for InterSystems prior to August 2003. InterSystems denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. InterSystems admits that Mr. Grove had worked for InterSystems prior to August 2003. InterSystems denies the remaining allegations in Paragraph 13 of the Complaint.

14. InterSystems denies the allegations set forth in Paragraph 14 of the Complaint.

15. InterSystems denies the allegations set forth in Paragraph 15 of the Complaint.

16. InterSystems denies the allegations set forth in Paragraph 16 of the Complaint.

17. InterSystems denies the allegations set forth in Paragraph 17 of the Complaint.

18. InterSystems denies the allegations set forth in Paragraph 18 of the Complaint.

19. InterSystems denies the allegations set forth in Paragraph 19 of the Complaint.

20. InterSystems denies the allegations set forth in Paragraph 20 of the Complaint.

21. InterSystems denies the allegations set forth in Paragraph 21 of the Complaint.

22. InterSystems admits that Plaintiff received a letter dated December 12, 2003 related to problems with her work performance. InterSystems denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. InterSystems denies the allegations set forth in Paragraph 23 of the Complaint.

24. InterSystems denies the allegations set forth in Paragraph 24 of the Complaint.

25. InterSystems denies the allegations set forth in Paragraph 25 of the Complaint.

26. InterSystems denies the allegations set forth in Paragraph 26 of the Complaint.

27. InterSystems denies the allegations set forth in Paragraph 27 of the Complaint.

28. InterSystems denies the allegations set forth in Paragraph 28 of the Complaint.

**MCAD FILING**

29. InterSystems is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies the same.

30. InterSystems is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint and therefore denies the same. Answering further, to the extent that Plaintiff's allegations relate to a document attached to

Plaintiff's Complaint as an Exhibit, such document apeaks for itself, and requires no answer from InterSystems.

### FIRST CAUSE OF ACTION
### Discrimination based on Gender

31.     InterSystems restates its responses to Paragraphs 1-30 of the Complaint.

32.     The allegations set forth in Paragraph 32 of the Complaint purport to set forth a conclusion of law, to which no response is required.

33.     InterSystems denies the allegations set forth in Paragraph 33 of the Complaint.

34.     InterSystems denies the allegations set forth in Paragraph 34 of the Complaint.

35.     InterSystems denies the allegations set forth in Paragraph 35 of the Complaint.

36.     InterSystems denies the allegations set forth in Paragraph 36 of the Complaint.

### SECOND CAUSE OF ACTION
### Retaliation

37.     InterSystems restates its responses to Paragraphs 1-30 of the Complaint.

38.     The allegations set forth in Paragraph 38 of the Complaint purport to set forth a conclusion of law, to which no response is required.

39.     The allegations set forth in Paragraph 39 of the Complaint purport to set forth a conclusion of law, to which no response is required.

40.     The allegations set forth in Paragraph 40 of the Complaint purport to set forth a conclusion of law, to which no response is required.

41.     InterSystems denies the allegations set forth in Paragraph 41 of the Complaint.

42.     InterSystems denies the allegations set forth in Paragraph 42 of the Complaint.

43.     InterSystems denies the allegations set forth in Paragraph 43 of the Complaint.

44.     InterSystems denies the allegations set forth in Paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

45.   InterSystems restates its responses to Paragraphs 1-30 of the Complaint.

46.   The allegations set forth in Paragraph 46 of the Complaint purport to set forth a conclusion of law, to which no response is required.

47.   InterSystems denies the allegations set forth in Paragraph 47 of the Complaint.

## FOURTH CAUSE OF ACTION
### Breach of Employment Contract

48.   InterSystems restates its responses to Paragraphs 1-30 of the Complaint.

49.   The allegations set forth in Paragraph 49 of the Complaint purport to set forth a conclusion of law, to which no response is required.

50.   The allegations set forth in Paragraph 50 of the Complaint purport to set forth a conclusion of law, to which no response is required.

51.   The allegations set forth in Paragraph 51 of the Complaint purport to set forth a conclusion of law, to which no response is required.

52.   InterSystems denies the allegations set forth in Paragraph 52 of the Complaint.

## FIFTH CAUSE OF ACTION
### Services and Labor (Unjust Enrichment)

53.   InterSystems restates its responses to Paragraphs 1-30 of the Complaint.

54.   InterSystems admits that Plaintiff was employed by InterSystems. InterSystems denies the remaining allegations set forth in Paragraph 54 of the Complaint.

55.   InterSystems admits that Plaintiff was employed by InterSystems. InterSystems denies the remaining allegations set forth in Paragraph 55 of the Complaint.

56.   InterSystems admits that Plaintiff was employed by InterSystems. InterSystems denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57.　InterSystems denies the allegations set forth in Paragraph 57 of the Complaint.

58.　InterSystems denies the allegations set forth in Paragraph 58 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Third Defense

Plaintiff's claims are barred by the statute of frauds.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Defense

Plaintiff's claims are barred by the parol evidence rule.

### Sixth Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### Seventh Defense

To the extent any harassment occurred, InterSystems exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive and/or corrective opportunities or to otherwise avoid alleged harm.

### Eighth Defense

Pursuant to M.G.L. c.231, some or all of Plaintiff's claims for relief are subject to a statutory limitation on damages.

Ninth Defense

Plaintiff has failed to mitigate her damages.

Tenth Defense

Plaintiff failed to satisfy the statutory, procedural, or administrative prerequisites to her claims.

Eleventh Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

Twelfth Defense

Plaintiff has suffered no damages.

Thirteenth Defense

The types of damages sought by Plaintiff are not all recoverable.

Fourteenth Defense

InterSystems hereby gives notice that it intends to rely upon such other and further defenses and affirmative defenses as may become apparent during the proceedings in this case.

.

                                        Respectfully submitted,

                                        INTERSYSTEMS CORPORATION,

                                        By its attorneys,

                                        HOLLAND & KNIGHT LLP

                                        /s Maura J. Gerhart
                                        Liam T. O'Connell (BBO #558429)
                                        Maura J. Gerhart (BBO #654695)
                                        Holland & Knight LLP
                                        10 St. James Avenue
                                        Boston, Massachusetts 02116
Dated: April 19, 2005              (617) 523-2700

## **CERTIFICATE OF SERVICE**

      I certify that I have caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served on the parties listed below via first class mail on this 19th day of April, 2005:

    Timothy K. Cutler, Esq.
    Cutler P.C.
    77 Franklin Street
    Boston, MA  02110

                                          Maura J. Gerhart
                                          Maura J. Gerhart, Esq.

# 2749742_v1