*Suffolk Superior Civil # 05-894*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT

---

DENA FRIEDMAN,

                                    Plaintiff,

        v.

INTERSYSTEMS CORPORATION,

                                    Defendant.

---

*U. S. DIST #*
*05 - 10738 DPW*

Civil Action No. 05-0894 H

### NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twelfth day of April, 2005, Defendant InterSystems Corporation filed a Notice of Removal of this action in the United States District Court for the District of Massachusetts. A true and accurate copy of the Notice of Removal so filed is attached hereto as <u>Exhibit 1</u>. Therefore, Defendant respectfully requests that this Court proceed no further in this matter.

                                    Respectfully submitted,

                                    INTERSYSTEMS CORPORATION,

                                    By its attorneys,

                                    HOLLAND & KNIGHT LLP

                                    _____
                                    Liam T. O'Connell (BBO #558429) *558249*
                                    Maura J. Gerhart (BBO #654695)
                                    Holland & Knight LLP
                                    10 St. James Avenue
                                    Boston, Massachusetts 02116
                                    (617) 523-2700

Dated:  April 12, 2005

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 12th day of April, 2005:

Timothy K. Cutler, Esq.
Cutler P.C.
77 Franklin Street
Boston, MA  02110

Maura J. Gerhart, Esq.

# 2745928_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENA FRIEDMAN,

Plaintiff,

v.

INTERSYSTEMS CORPORATION,

Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendant InterSystems Corporation ("InterSystems" or the "Company") hereby removes to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Suffolk County, Massachusetts, Civil Action No. 05-0894H (the "Action"). Removal of this Action is proper for the following reasons:

## BASIS FOR REMOVAL

1.      Removal of this Action is proper under 28 U.S.C. § 1331 because Plaintiff Dena Friedman's ("Plaintiff's") Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. – a federal statute. See Complaint at ¶ 32 of Count I and ¶ 38 of Count II. The claim therefore arises under the laws of the United States, as required by 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b) and (c), the Company may remove Plaintiff's federal claim, along with any claim based on state law, to this Court.

2.      The Company has contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Suffolk Superior

Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit A</u>.

## TIMELINESS OF REMOVAL

3.     This Action was filed by Plaintiff in Suffolk Superior Court on or about March 8, 2005. Counsel for the Company accepted service of the Summons and Complaint on or about March 24, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Suffolk Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as <u>Exhibit B</u>.

4.     This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon the Company. Likewise, this Notice is being filed within thirty days of the Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the first time the Company had possession of a copy of Plaintiff's Complaint.

**WHEREFORE**, InterSystems Corporation respectfully requests that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

INTERSYSTEMS CORPORATION,

By its attorneys,

HOLLAND & KNIGHT LLP

Liam T. O'Connell (BBO #558429)
Maura J. Gerhart (BBO #654695)
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: April 12, 2005

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Removal to be served on the parties listed below via first class mail on this 12th day of April, 2005:

Timothy K. Cutler, Esq.
Cutler P.C.
77 Franklin Street
Boston, MA  02110

Maura J. Gerhart, Esq.

# 2745169_v1

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT

DENA FRIEDMAN,

                            Plaintiff,

        v.

INTERSYSTEMS CORPORATION,                            Civil Action No. 05-0894 H

                            Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

        NOTICE IS HEREBY GIVEN that on the twelfth day of April, 2005, Defendant

InterSystems Corporation filed a Notice of Removal of this action in the United States District

Court for the District of Massachusetts.  A true and accurate copy of the Notice of Removal so

filed is attached hereto as Exhibit 1.  Therefore, Defendant respectfully requests that this Court

proceed no further in this matter.

                            Respectfully submitted,

                            INTERSYSTEMS CORPORATION,

                            By its attorneys,

                            HOLLAND & KNIGHT LLP

                            _____
                            Liam T. O'Connell (BBO #558429)
                            Maura J. Gerhart (BBO #654695)
                            Holland & Knight LLP
                            10 St. James Avenue
Dated:  April 12, 2005       Boston, Massachusetts 02116
                            (617) 523-2700

## CERTIFICATE OF SERVICE

I certify that I have caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served on the parties listed below via first class mail on this 12th day of April, 2005:

Timothy K. Cutler, Esq.
Cutler P.C.
77 Franklin Street
Boston, MA  02110

Maura J. Gerhart, Esq.

# 2745928_v1

2

MAS-20030912
guen
Case 1:05-cv-10738-DPW    Commonwealth of Massachusetts    Filed 05/09/2005    Page 8 of 19    09/21/2005
SUFFOLK SUPERIOR COURT    10:34 AM
Case Summary
Civil Docket

### SUCV2005-00894
### Friedman v InterSems Corp

| File Date | 03/08/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 04/21/2005 | Session | H - Civil H |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 06/06/2005 | Answer | 08/05/2005 | Rule12/19/20 | 08/05/2005 |
|---|---|---|---|---|---|
| Rule 15 | 08/05/2005 | Discovery | 01/02/2006 | Rule 56 | 02/01/2006 |
| Final PTC | 03/03/2006 | Disposition | 05/02/2006 | Jury Trial | No |

#### PARTIES

**Plaintiff**
Dena Friedman
Active 03/08/2005

Private Counsel 636124
Timothy K Cutler
77 Franklin Street
2nd Floor
Boston, MA 02110
Phone: 617-338-8243
Fax: 617-338-8247
Active 03/08/2005 Notify

**Defendant**
InterSems Corp
Served: 04/04/2005
Served (answr pending) 04/04/2005

Private Counsel 558249
Liam T O'Connell
Holland & Knight
10 Saint James Avenue
11th Floor
Boston, MA 02116
Phone: 617-523-2700
Fax: 617-523-6850
Active 04/21/2005 Notify

Private Counsel 654695
Maura J. Gerhart
10 St.James Ave
Boston Massss
Boston, MA 02116
Active 04/21/2005 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/08/2005 | 1.0 | Complaint |
| 03/08/2005 | | Origin 1, Type B22, Track F. |
| 03/08/2005 | 2.0 | Civil action cover sheet filed |
| 04/04/2005 | 3.0 | Affidavit re: (Proof of Service) re: InterSems Corp(Defendant) |
| 04/12/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Intersystems Corporation U. S. Dist.#(05-10738DPW). |
| 04/21/2005 | | Case REMOVED this date to US District Court of Massachusetts |

#### EVENTS

I HEREBY ATTEST AND CERTIFY ON
APRIL 21, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK



*1*

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Superior Court Department
Civil Action No.: **05-0894**

| | |
|---|---|
| Dena Friedman | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| InterSystems Corporation, | ) |
| Defendant | ) |

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2005 MAR -8 P 2 59

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## COMPLAINT AND DEMAND FOR A JURY TRIAL

### PARTIES AND FACTUAL BACKGROUND

1.  Defendant InterSystems Corporation ("Defendant ") is a closely held Massachusetts corporation with its principal office located at One Memorial Drive, Cambridge, Massachusetts.

2.  Phillip T. Ragon ("Mr. Ragon") is the President, Treasurer, Shareholder and sole Director of Defendant.

3.  Jerome P. Grove ("Mr. Grove") is the Chief Financial Officer and Secretary of Defendant.

4.  Susan Ragon ("Mrs. Ragon") is the wife of Mr. Ragon and is the head of the Human Resources Department of Defendant.

5. Plaintiff Dena Friedman ("Plaintiff") is an individual who resides in Boston, Massachusetts.

6. In February of 2003, Plaintiff was hired by Ryan Brenneman ("Mr. Brenneman"), the then Chief Financial Officer ("CFO") for Defendant, as Manager of Customer Operations.

7. Throughout her employment with Defendant, Plaintiff managed order processing, distribution and account receivables worldwide for Defendant.

8. Plaintiff was responsible for overseeing the management of contracts, billing, orders and receivables for Defendant. This entailed extensive contact with managers, as well as various department, sales, development, finance and support personnel, in branches throughout the world Plaintiff also had extensive contact with Defendant's customers. Within four months of commencing working for Defendant, Plaintiff, amongst other accomplishments, improved receivables to billings by 78%, believed to be the best in the company's history.

9. Plaintiff received high marks and praise for her performance by her immediate supervisor Mr. Brenneman. Plaintiff received an outstanding written evaluation from Mr. Brenneman.

10. Throughout her employment with Defendant, Plaintiff received high praise for her work and performance from executives and managers throughout the company, except by Mr. Grove.

11. In or about August 2003, Mr. Brenneman was replaced by Mr. Grove as both CFO and Plaintiff's direct supervisor.

12. Mr. Grove had a long personal and professional relationship with the Ragons.

13. Mr. Grove had worked for Defendant in the past, and during that period of time Plaintiff is informed and believes that Mr. Grove had discriminated against other women.

14. Upon Mr. Grove taking the position as CFO, he immediately began harassing and discriminating against Plaintiff because of her gender.

15. Mr. Grove treated Plaintiff differently than he treated men. For example, he was outright condescending and derogatory in a sexist fashion towards Plaintiff. He belittled Plaintiff and her role in the Company because she was a woman, and continued to refer to plaintiff as a clerk, rather than as a manager. During meetings, Mr. Grove would exclude the females from participating in the discussions, or alternatively, disparage and ridicule them.

16. Mr. Grove specifically targeted Plaintiff for adverse employment action because she was a female.

17. When Plaintiff confronted Mr. Grove with his discriminatory behavior, he did not deny it.

18. Plaintiff brought Mr. Grove's sexually discriminatory and harassing conduct to the attention of Mrs. Ragon, head of human resources.

19. Plaintiff provided Mrs. Ragon with specific examples of Mr. Grove's sexually discriminatory and harassing conduct, as well as names of witnesses.

20. Mrs. Ragon first refused to respond to Plaintiff's complaints. When Mrs. Ragon finally agreed to meet with Plaintiff, she dismissed Plaintiff's complaints out of hand and refused to conduct an investigation.

21.    The only solution offered by Ms. Ragon was for plaintiff to leave the company.

22.    Two days after notifying Mrs. Ragon of Mr. Grove's discriminatory conduct, Plaintiff was placed on probation.

23.    When Plaintiff was placed on probation, she asked Mr. Grove the reason for the probation.  He refused to explain the basis for the probation and told she would have to figure it out herself.

24.    The COO of the company who was aware of Mr. Grove's discriminatory conduct acknowledged it was not appropriate and advised Plaintiff to seek legal counsel.

25.    Then several days prior to being eligible for her year-end bonus, Plaintiff was terminated.

26.    Plaintiff was then replaced by a man.

27.    All the acts of wrongdoing described herein were done with the knowledge and consent of Mr. and Mrs. Ragon.

28.    Rather than discipline Mr. Grove for his discriminatory conduct, Mr. Grove was promoted to Secretary of the company.

## MCAD FILING

29.    On April 28, 2004, Plaintiff filed a complaint with Massachusetts Commission Against Discrimination ("MCAD").

30.    On November 15, 2004, MCAD issued Plaintiff a right to sue letter, a copy of which is attached hereto as Exhibit "A".

## FIRST CAUSE OF ACTION
### Discrimination based on Gender

31.    Plaintiff incorporates herein each of the allegations set forth in paragraphs 1 through 30 above.

32.    The actions of Mr. Grove, Mr. Ragon and Mrs. Ragon on behalf of defendant as aforesaid discussed constitute discrimination, and thus, violate Chapter 151B of the Massachusetts General laws, as amended, and the Title VII of the Civil Rights Act of 1964 as amended.

33.    As a direct result of the unlawful actions of Defendant, Plaintiff suffered emotional distress.

34.    As a direct result of these wrongful actions, Plaintiff was placed on probation, her, employment was terminated, her bonus was denied and she had to seek employment elsewhere.  Thus, the Plaintiff has lost wages and benefits.

35.    As a direct result of these wrongful actions, Plaintiff is forced to incur attorney's fees and costs.

36.    In addition to the aforementioned, these wrongful actions by Defendant amount to a callous and intentional disregard for Plaintiff's civil rights.

## SECOND CAUSE OF ACTION
### Retaliation

37.    Plaintiff incorporates herein each of the allegations set forth in paragraphs 1 through 30 above.

38.    The actions of Mr. Grove, Mr. Ragon and Mrs. Ragon on behalf of defendant as aforesaid discussed constitute wrongful retaliation, and thus, violate

Chapter 151B of the Massachusetts General laws, as amended, and the Title VII of the Civil Rights Act of 1964 as amended.

39. The actions of Mr. Grove, Mr. Ragon and Mrs. Ragon on behalf of defendant as aforesaid discussed constitute wrongful retaliation, and thus, violate Chapter 149 et seq. of the Massachusetts General Laws.

40. The actions of Mr. Grove, Mr. Ragon and Mrs. Ragon on behalf of defendant as aforesaid discussed constitute wrongful retaliation, and thus, violate the public policy of Massachusetts.

41. As a direct result of the unlawful actions of Defendant, Plaintiff suffered emotional distress.

42. As a direct result of these wrongful actions, Plaintiff was placed on probation, her employment was terminated, her bonus was denied and she had to seek employment elsewhere. Thus, the Plaintiff has lost wages and benefits.

43. As a direct result of these wrongful actions, Plaintiff is forced to incur attorney's fees and costs.

44. In addition to the aforementioned, these wrongful actions by Defendant amount to a callous and intentional disregard for Plaintiff's civil rights.

## THIRD CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

45. Plaintiff incorporates herein each of the allegations set forth in paragraphs 1 through 30 above.

46. Defendant breached the covenant of good faith and fair dealing by terminating Plaintiff days prior to her bonus becoming due and owing in order to avoid payment of said bonus.

6

47.   Plaintiff has thus been damaged in sum to be proven at trial, but not less than her bonus.

## FOURTH CAUSE OF ACTION
### Breach of Employment Contract

48.   Plaintiff incorporates herein each of the allegations set forth in paragraphs 1 through 30 above.

49.   Plaintiff had an employment contract with Defendant wherein a portion of her compensation would be in the form of a bonus.

50.   Plaintiff fully performed her duties and responsibilities under the agreement.

51.   Defendant failed to fulfill its duties and obligations by not paying Plaintiff her bonus.

52.   Plaintiff has thus been damaged in sum to be proven at trial, but not less than her bonus.

## FIFTH CAUSE OF ACTION
### Services and Labor (Unjust Enrichment)

53.   Plaintiff incorporates herein each of the allegations set forth in paragraphs 1 through 30 above.

54.   Plaintiff provided services and labor at Defendant's request.

55.   Defendant knew those services and labor were being provided.

56.   Defendant accepted Plaintiff's services and labor.

57.   Defendant has refused to pay Plaintiff for the value of her services and labor, as well as the benefit received thereof.

58.   As a direct and proximate consequence of Defendant's conduct, the Plaintiff suffered economic injuries and defendant was unjustly enriched.

7

**WHEREFORE**, for all the foregoing reasons, the Plaintiff hereby prays that this Court enter a judgment in his favor, and further, that the Court order:

a. That the Defendant pay the Plaintiff compensatory damages;

b. That the Defendant pay the Plaintiff punitive damages;

c. That the Defendant pay the Plaintiff the costs of bringing this action including but not limited to attorneys fees and costs;

d. Prejudgment interest, and

e. Any additional relief that this Court deems equitable, just and proper.

## DEMAND FOR JURY

Plaintiff hereby requests a trial by Jury

THE PLAINTIFF
Dena Friedman

March 4, 2005

Timothy K. Cutler, BBO No. 636124
CUTLER P.C.
77 Franklin Street
Boston, MA 02110
Telephone: (617) 338-8243
Fax: (617) 695-2778

I HEREBY ATTEST AND CERTIFY ON
APRIL 21, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK

8

EX A

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone:  (617) 994-6000 Fax:  (617) 994-6024**

11/15/04

Date Issued: 11/15/2004

Timothy K. Cutler, Esq.
Cutler McLeod, P.C.
77 Franklin Street
Boston, MA 02110

Re:     Complainant(s)     Dena Friedman

Vs.

Respondent(s)     InterSystems Corporation

MCAD Docket Number: 04BEM01488
EEOC/HUD Charge Number: 16CA401763

Dear Counsel:

The Commission has received notice that a civil action is being filed in *__Superior Court__* in the above-referenced matter.  Pursuant to M.G.L.A. 151B, Section 9 (Chapter 478 of the Acts of 1974), the complaint before the Commission is hereby dismissed without prejudice as to the merits.

**Please be advised that pursuant to 804 CMR 1.15(2), the parties are required to serve upon the Commission's General Counsel a copy of any final order obtained in court.  In addition, any party filing an appeal of such final order is required to serve a notice of appeal upon the Commission's General Counsel.**

Please be advised the Complainant is barred from subsequently bring a complaint on the same matter before this Commission.

Very truly yours,

Walter J. Sullivan Jr.
Commissioner

Cc:

Liam T. O'Connell, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE
BOSTON, MA 02108-1518]

Tel: (617) 994-6000          TTY: (617) 994-6196          Fax: (617) 994-6024

TO:        **File**
FR:        **Robin Edwards-King**
RE:        **Dena Friedman v. InterSystems Corporation**
MCAD #     **04BEM01488**
EEOC #     **16CA401763** (25+ employees)
DATE:      **November 15, 2004**


## RECOMMENDATION: CASE CLOSURE – WITHDRAWN IN ORDER TO FILE A PRIVATE RIGHT OF ACTION ON THE SAME MATTER IN CIVIL COURT


On April 28, 2004 Complainant filed a complaint with the Massachusetts Commission Against Discrimination and the EEOC. Complainant alleged Respondents discriminated against her on or around December 29, 2003 on the basis of Sex and Retaliation in violation of M.G.L. c.151B§4 (1)(4) and Title VII.

On November 9, 2004 Complainant's Counsel submitted a request to withdraw this complaint from the MCAD and EEOC in order to pursue the matter as a private right of action in civil court.

The Commission finds no reason to investigate this matter further. Therefore, it is recommended that Complainant be allowed to withdraw this complaint.


Robin Edwards-King
Administrative Assistant

**2**

| CIVIL ACTION COVER SHEET | DOCKET NO(S). 05-0894 H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

PLAINTIFF(S)

Dina Friedman

DEFENDANT(S)

Interactor p Intersystems Corp.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Timothy K. Cutler  77 Franklin St.
CUTLER P.C.  Boston, MA 02110
Board of Bar Overseers number: 634124

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B22    Employment Dismissal    (F)    ( ✓ )Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total Doctor expenses ............................................. $
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses .................................... $
5. Total other expenses (describe) .................................... $
   Subtotal $
B. Documented lost wages and compensation to date ......................... $ 50,000
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses ............. $ 350,000
E. Reasonably anticipated lost wages ................................... $
F. Other documented items of damages (describe) Attorney fees    $ 10,000

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was wrongfully terminated because of gender & was denied her bonus. Plaintiff has incurred emotional distress damages.    $ 75,000

TOTAL $ 485,000.00

*Vertical text at right: MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE 2005 MAR 11    SUFFOLK SUPERIOR CIVIL CLERK'S OFFICE*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Failure to pay bonus and wrongful termination

TOTAL $ 60,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/8/05

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

APRIL 21, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

CIVIL ACTION COVER SHEET INSTRUCTIONS
SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| Contract | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| B03 | Motor Vehicle Negligence | (F) |
|---|---|---|
| | Personal injury/Property damage | |
| B04 | Other negligence-personal | (F) |
| | injury /Property damage | |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice - Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

| Real Property | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

**EQUITABLE REMEDIES**

| D01 | Specific performance of | (A) |
|---|---|---|
| | contract | |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or | (F) |
| | Indemnification | |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c. | (A) |
| | 231A | |
| D99 | Other (Specify) | (F) |

| Miscellaneous | | |
|---|---|---|
| E02 | Appeal from administrative | (X) |
| | Agency G.L.c.30A | |
| E03 | Action against Commonwealth | (A) |
| | /Municipality, G.L.c.258 | |
| E05 | All Arbitration | (X) |
| E07 | G.L.c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, | (A) |
| | G.L.c.149,s.29,29a | |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A,s.12(SDP | (X) |
| | Commitment) | |
| E14 | G.L.c.123A,s.9(SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L.c. | (X) |
| | 178M,s.6 | |
| E25 | Pleural Registry (Asbestos | |
| | cases) | |
| E95 | Forfeiture G.L.c.94C,s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence -Personal Injury | (F) | Yes |

**SUPERIOR COURT RULE 29**

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

3

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CASE NO. 05-0894H

|  |  |
|---|---|
| DENA FRIEDMAN | ) |
|     Plaintiff | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| INTERSYSTEMS CORPORATION | ) |
|     Defendant | ) |
|  | ) |
|  | ) |

## AFFIDAVIT OF TIMOTHY K. CUTLER RE: SERVICE OF COMPLAINT

I, Timothy K. Cutler, do depose and swear the following:

1. I am the counsel for the Plaintiff Ms. Dena Friedman in the above referenced case.

2. I contacted the counsel for the Defendant InterSystems Corporation, about the acceptance of service of the complaint and summons. Counsel agreed to accept the complaint and summons on the Defendant's behalf.

3. Defendant's counsel signed an acknowledgment of acceptance of service.

4. A copy of the acknowledgement of acceptance of service is attached hereto and marked as Exhibit A.

SIGNED UNDER THE PENALTIES OF PERJURY ON THIS __/__ DAY OF

APRIL 2005.

I HEREBY ATTEST AND CERTIFY ON

APRIL 21, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

_____
Timothy K. Cutler

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on __/__ of April 2005, a true copy of this document was
served via first class mail to the following individual:

Liam T. O'Connell
Holland + Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116

_____
Timothy K. Cutler



EX A

## CUTLER P.C.

C O U N S E L L O R S   A T   L A W

March 23, 2005

Liam T. O'Connell, Esq.
Holland + Knight
10 St. James Avenue, 11th Floor
Boston, MA 02116

Re:     **Dena Friedman v. InterSytems Corporation, Suffolk Superior Court, Case No. 05-0894H**

Dear Liam:

Per our discussion wherein you agreed to accept service of Ms. Friedman's complaint, enclosed is a copy of said complaint along with a summons. Please sign the acknowledgement below and return this letter, acknowledge by you, to me at your earliest opportunity.

Thank you for your cooperation in this matter.

Sincerely,
CUTLER P.C.

Timothy K. Cutler

I hereby accept service of the complaint and summons in the above-referenced action of behalf of ItnerSystems Corporation.

Liam T. O'Connell, Esq.

Enc.